UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA TRIMBLE
    Plaintiff,

v.                                                Case No.:
ERIK K. SHINSEKI
DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF REQUESTED

Plaintiff, Pamela Trimble, complains of Defendant, Erik K. Shinseki as Secretary of the Department of Veterans Affairs as follows:

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act (29 U.S.C. 626).

2. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended including having exhausted her administrative remedies.

3. Bay Pines VA Health Care System ("Bay Pines VAHCS") is a Veterans Administration ("VA") hospital and medical center with related services.

4. It is directed by a Medical Center Director ("MCD"), currently directed by Suzanne M. Klinker. The former Medical Director was Wallace Hopkins. It is broken down into various services. Within the hospital, Dr. George Van Buskirk (Van Buskirk) was the Chief of Staff until January 2013 with line authority over the five medical services within the hospital, including the Medicine, Surgical, Geriatrics and Extended Care, Primary Care and Mental Health Services. The Medicine Service, whose chief was Dr. Lithium Lin, is broken down into various

sections including pulmonary, cardiology, neurology and hospitalists. Dr. Mazur Afaq (Afaq) is Chief of Cardiology since 2010, and the Director of the Cardiac Catheterization Lab (Cath Lab) since 2011. Dr Mehul Patel was a physician assigned to Cardiology in the Cath Lab. Larry Diehl is the Nursing supervisor in charge of Cath Lab nurses since 2010. At material times he oversaw the nurses in the Cath Lab such as the Plaintiff, and Michael Hollis. Eric Plaissance is the Biomedical Engineer. As Chief of Staff, Dr. Van Buskirk had line authority over Dr. Lin, Dr. Afaq, Dr. Patel, and at times, the Plaintiff. Dr. Lin had line authority over Dr. Afaq, Dr. Patel and at times the Plaintiff. Each of the employees of the VA or described herein was employed by the Defendant and was acting within the course and scope of his or her employment with the Defendant.

5. The Plaintiff Pamela Trimble (Trimble) is an American Caucasian female over the age of forty who is a registered nurse with a Bachelor of Science degree in nursing. She has had a thirty-five year career in cardiology.

6. In 1997, she was hired by Bay Pines Veterans Administration Health Care System (hereinafter "Bay Pines") to open a cardiac catheterization laboratory at Bay Pines VAMC and act as charge nurse of this unit. Among her duties, she ordered all equipment, wrote policies and procedures for this new area and cross-trained the employees to work in this area. Trimble opened the Cath Lab in 1998 and took the program from a part-time diagnostic laboratory to a full time diagnostic/interventional/EPS/Pacer-ICD implant program performing over 10,000 procedures in her 14 ½ years as the Charge Nurse. She worked under the direction of six (6) physician Cath Lab directors without a problem, running a very successful program and receiving accolades from the VA Central Office.

7. Trimble had never been verbally counseled or written up and received outstanding evaluations for 14 years while employed by Bay Pines VAMC. She was selected to be on a national Cath Lab committee, formed out of central office to set up national Cath Lab meetings; she lectured at these conferences. National policies and guidelines were written and put into force by this committee. Trimble was also selected by central office to be on a Hybrid 38 committee to write the national job descriptions for cardiac Cath Lab techs.

8. The Defendant has engaged in an ongoing pattern and practice of retaliation and reprisal in relation to Equal Employment Opportunity ("EEO") claims or participation as a witness on behalf of other parties' EEO claims. These include retaliation for current EEO claims and past EEO claims. Those past claims include but are not limited to cases settled for damages and other relief arising out of a pattern and practice of age discrimination and retaliation of which there was considerable evidence including a videotaped speech in which the then Chief of Medicine purposefully announced his intent to drive out all older doctors to make room for younger doctors. At the time these statements were made all of the full-time sections chiefs were over 40 years of age. The Chief of Medicine Service at that time let it be known he had the support of the Chief of Staff at that time. Subsequently, the Defendant was held liable for the retaliation committed by the Defendant against various employees of Bay Pines VAHCS through the Director, Chief of Staff, Chief of Medicine and Chief Hospitalist. See *Gowski v. Peake*, 682 F.3d 1299 (11th Cir. 2012). This above behavior has continued with respect to Trimble.

9. Trimble filed past EEO complaints alleging discrimination and reprisal by nursing against Ms. Trimble and a whistleblower complaint alleging retaliation by hospital administrators. Those complaints resulted in the Cardiac Catheterization Lab (Cath Lab) being placed under medicine. Van Buskirk and Lin had opposed this result. In March 2010, Van

Buskirk took actions by Nursing as a pretextual reason to move Trimble and the Cath Lab nursing personnel back under Nursing. He publically ostracized Trimble in a meeting in front of numerous other people. In 2010 Dr. Afaq and Dr. Patel began to criticize Trimble for doing what she had done for many years in the Cath Lab by ensuring all physicians were proctored and proficient at the procedures they performed. That criticism included accusations of discriminatory and disparate treatment.

10. Trimble filed an EEO complaint on November 13, 2011 and more than 360 days have passed since that point, thus satisfying the jurisdictional requirements of 42 U.S.C. § 2000e-16(c).

## GENERAL ALLEGATIONS

### National Origin, Race, Sex, and Reprisal, and Hostile Work Enviornment

11. Trimble was discriminated against on the basis of sex (female) age, national origin (American), race (Caucasian), and reprisal (EEO activity), when on November 28, 2011 Trimble was reassigned from the position as a Cardiac Cath Lab Charge Nurse to the Ambulatory Surgical Unit.

12. Trimble was subjected to a hostile work environment on the basis of sex (female), age, national origin (American), race (Caucasian), and reprisal (EEO activity), including:

    a. From on or about January 11, through June 2011, the Chief of Cardiology (Dr Mazur Afaq) provided negative "write- ups" about Trimble to Mr Diehl, and "demanded" that the Trimble read "hundreds of cath reports" to look for any mistakes cited by the JCAHO for documentation problems with teaching plans.

    b. On January 12, 2011, Trimble learned that Dr. Afaq remarked to the Supervisor of the Specialty Clinics (Bonita Staley) that he wanted to get rid of Trimble.

4

c. During a meeting on January 14, 2011, Trimble noted that Mr Diehl had a folder filled with "unsubstantiated claims' provided by Dr. Afaq about her, although Mr. Diehl reassured her that despite Dr. Afaq's comment about wanting to "get rid of her", it "would not happen"

d. On January 26, 2011, Trimble was excluded from a Cath lab equipment meeting which involved a discussion about the new lab.

e. On January 31, 2011, Dr. Afaq made himself the "Cath Lab Director" after Trimble confronted him about his behavior toward her and the fact that she had to report to to the "Chief of the Cath Lab" as part of her job.

f. On or about June 10, 2011, Dr Afaq called the Biomedical Engineer (Eric Plaisance) to accuse Trimble of "not going through proper channels" and Illegally ordering Cath Lab equipment.

g. In July 2011, Dr. Afaq sent an email message in which he accused the staff of "bias and inefficiency" and insisted they use a "pace vender" with whom the Cath Lab previously "had many problems."

h. On August 24, 2011, Dr. Afaq attempted to get Trimble "in trouble" over a vendor and when he told the Chief of Nurse patient services (Debra Moran) that Trimble and another co-worker were "biased" against St Jude. Representatives.

i. On September 19, 2011, a co-worker (Rita Bojko) called the VA Police and accused Trimble of physically assaulting her while at work.

j. On September 20, 2011, a VA police officer arrived in the Cath Lab to inform Trimble about the charges and investigation of those charges filed against her by Ms. Bojko.

5

k. During a meeting on September 22, 2011, Dr. Afaq told Trimble that she "would be gone in three months" for writing up a physician ("Dr. Patel") for leaving the room with a surgical patient with an open incision.

l. On September 23, 2011, after Trimble became aware of Dr. Afaq's witness statement, Trimble determined that Dr. Afaq and M. Bojko "conspired" with each other and investigated the incident that resulted in the police report in an attempt to "get (her) removed…"

m. On September 26, 2011, after Trimble reported to Mr. Diehl that she witnessed Dr.Afaq "harassing and bullying" a female co-worker, Mr. Diehl replied that if Dr. Afaq "had his way, he would get rid of all (female) RNs."

n. On September 30, 2011, Dr. Afaq told Trimble that she was to be removed from her position, and replaced by someone his choice.

o. On September 30, 2011, Trimble learned that Dr. Afaq told the Health Unit Coordinator that he would resign if he "didn't get his way" (Trimble's removal) with the Chief of Staff.

p. On October 3, 2011, Dr. Afaq and Mr. Diehl asked Trimble to put "all of her documentation and statistics" into a shared folder

q. During a meeting with Mr. Diehl and a Human Resources Specialist (Ron Plemmons) on October 7, 2011, Trimble was notified that despite her contention that she was the victim of a false police report, "nothing will be done" to Ms. Bojko.

r. On November 1, 2011, Mr Diehl informed Trimble that they were thinking of hiring a nurse manager for the Cardiac Cath Lab, an action that would remove her from that responsibility as the Charge Nurse.

s. On November 4, 2011, Mr. Diehl "angrily" told Trimble not to speak with the Quality Assurance Nurse because "they were just trying to get something on us."

t. On November 8, 2011, Dr. Afaq asked another employee for the list of "Cath Lab complications" rather than asking Trimble, who actually complies that data.

u. On November 15, 2011, Mr. Plaisance sent an email message to Mr. Diehl in which he stated his desire to have Trimble "seriously disciplined" for having "illegal equipment" in the Cath Lab.

v. On November 28, 2011, Mr. Diehl reassigned Trimble from her position as a Cardiac Cath Lab Charge Nurse to the Ambulatory Surgical unit, and he indicated that it was done for her protection.

w. On November 28, 2011, after Trimble had been reassigned, Dr. Afaq came by her office "smiling" and "taunting " her, while "Dr. Patel" also came by several times and "smiled".

x. Dr. Afaq told Trimble that she was no longer allowed to place work orders after she complained that because Mr. Plaisance had not code lights and call lights installed in the Cath labs and holding rooms, she placed work orders for those items

y. On a routine and continuing basis, Dr Afaq sent hostile email messages to Trimble and forwarded copies of those messages to her supervisor, Mr. Diehl Van Buskirk, Lin and other hospital administrators.

### Count I
### (National Origin, Race, Sex, and Age Discrimination)

13. Plaintiff, Pamela Trimble, sues Eric K. Shinseki, as Secretary of the Department of Veterans Affairs for national origin, race, age, sex, color, discrimination under Title VII.

14. Plaintiff incorporates and realleges paragraphs 1 through 12.

15. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of national origin (American), race (Caucasian), age, and sex (female).

16. The above discriminatory actions were taken by the supervisory personnel within the VA because of her race, age, sex, and national origin and the plaintiff has suffered adverse employment actions and other adverse actions including those set forth above.

17. The Defendant has intentionally maintained these discriminatory and unlawful practices to the detriment of the Plaintiff.

18. The above-referenced actions have created an intolerable hostile work environment.

19. The Defendant at all relevant times knew, or should have known, of the above-referenced discrimination against the Plaintiff.

20. The Defendant has failed to take necessary action to prevent or correct the complaint of discrimination and, in fact, ratified such conduct.

21. The Defendant, through the Plaintiff's managers and supervisors has engaged in, directed or ratified conduct and denied and frustrated the Plaintiff's efforts to obtain relief under Title VII.

22. The Defendant, through acceptance of the complained of conduct, has fostered an attitude among supervisors within the Bay Pines VA Hospital that national-origin discrimination, racial discrimination, color discrimination, age discrimination and sexual discriminations are acceptable employment practices.

23. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, the Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

24. As a result of the foregoing, the Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

25. Plaintiff has satisfied all conditions precedent to filing of this suit or she has been prevented by the Defendant from satisfying such conditions precedent, or he is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, judgment for damages, attorneys' fees and costs, and such other relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### Count III
### (Retaliation)

26. Plaintiff, Pamela Trimble, sues Eric K. Shinseki, as the Secretary of Veterans Affairs, for retaliation under Title VII

27. Plaintiff incorporates and realleges paragraphs 1 through 12.

28. Plaintiff engaged in EEO activity which is protected under Title VII

29. The Defendant was aware of each of the Plaintiff's protected or EEO activities under Title VII.

30. The aforesaid adverse employment actions; other adverse actions; misconduct; and other conduct, acts and omissions to the Plaintiff's detriment; as well as other adverse employment actions and conduct, were all taken (or failed to be taken) by administrators and managing and supervisory personnel with the Bay Pines VAHCS in retaliation for the protected or EEO activity of the Plaintiff including those set forth above.

31. As a direct and proximate result of the protected or EEO activity, Plaintiff has suffered the adverse employment actions and other adverse actions, including these set forth above.

32. Bay Pines VAHCS has intentionally maintained these retaliatory and unlawful practices to the detriment of its employees.

33. The Defendant at all relevant times knew or should have known of the retaliatory actions being taken against the Plaintiff.

34. The Defendant failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

35. The Defendant, through the managers and supervisors of the Plaintiff has engaged in, directed, and/or ratified retaliatory conduct and has frustrated the Plaintiff's efforts to obtain relief under Title VII

36. The Defendant, through acceptance of such conduct, has fostered an attitude among administrators, managers and supervisors at the Bay Pines VAHCS that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice by administrators, managers and supervisors at Bay Pines VAHCS

37. Because of the willful actions of the Defendant and its administrators, managers and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied

his right to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*,

38. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; payment of attorneys' fees and legal costs; loss of an amicable work environment; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

39. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### Count III
### (Hostile Work Environment)

40. Plaintiff, Pamela Trimble, sues Eric K. Shinseki, as the Secretary of Veterans Affairs, for retaliatory hostile work environment.

41. Plaintiff incorporates and realleges paragraphs 1 through 12, 14 through 22 and 27 through 36.

41. The aforesaid actions and conduct have created an intolerable hostile work environment.

42. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to payment of attorneys' fees and legal costs, loss of an amicable work

environment, humiliation, anxiety, degradation, embarrassment, physical injury or illness, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

43. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### Count IV
### (Injunctive Relief)

44. Plaintiff, Pamela Trimble, sues Defendant Eric K. Shinseki, as Secretary of the Department of Veterans Affairs.

45. Plaintiff incorporates and realleges paragraphs 1 through 43.

46. Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

47. There is: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless an injunction issues; (3) the threatened injury to the Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, is issued, will not disserve the public interest.

47. Plaintiff requests the Court award his attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions and conduct:

   a. Violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as described above including retaliation against Plaintiff for protected or EEO activity and discrimination based on national origin, race, and color.

b.      Such other practices, actions or conduct that the court deems appropriate and proper to enjoin.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Pamela Trimble, hereby demands a trial by jury on all issues so triable.

Dated: February 27, 2013                                       Respectfully submitted,

                                                               /s/ Joseph D. Magri
                                                               Joseph D. Magri
                                                               Florida Bar No.: 0814490
                                                               Merkle Magri & Meythaler, P.A.
                                                               5601 Mariner St., Suite 400
                                                               Tampa, FL 33609
                                                               Tel. (813) 281-9000
                                                               Fax.: (813) 281-2223
                                                               Email: jmagri@merklemagri.com