UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:13-CV-548-T35TBM

**PAMELA TRIMBLE**

    **Plaintiff,**

vs.

**ROBERT A. MCDONALD, Secretary
Department of Veterans Affairs,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Reopen Case (Dkt. 158) and Defendant's response in opposition thereto. (Dkt. 159)

On June 12, 2015, the Parties notified the Court during trial that they had reached a resolution of this case. Counsel for Defendant stated on the record that Defendant "agreed to pay $600,000 in attorney's fees and $200,000 to Ms. Trimble" to settle both "this case and the whistleblower case." (Dkt. 158-4 at 3) Counsel for Plaintiff confirmed that there would be a general release in exchange for the disclosed monetary terms. (Id. at 3-4)   When the Court inquired whether the settlement terms as described were accurate and satisfactory, both parties and their counsel responded affirmatively. The Court administratively closed the case but retained jurisdiction for one hundred and eighty days to ensure financial resolution of the case.

Plaintiff now moves the Court to reopen the case "to enforce the settlement and include all terms agreed to in the settlement negotiations." (Dkt. 158 at 1)   Plaintiff

contends that during the first round of settlement negotiations, Defendant offered to rescind and remove Plaintiff's three-day suspension and include those three days of lost pay within a lump sum payment of $100,000.  Plaintiff's counsel replied that rescission of the suspension was acceptable but the monetary sum was unacceptable.

According to the Plaintiff, the parties continued their negotiations, focusing primarily on the monetary issues, and the rescission of the suspension was not discussed any further beyond the first unsuccessful round of negotiations.  Although rescission of the suspension was not one of the settlement terms disclosed in court, Plaintiff contends that it should be included as one of the terms of the written settlement agreement.  On the other hand, Defendant argues that the terms of its proposed unsigned written agreement settlement are unambiguous and cannot be modified to include rescission of the suspension.

"It is well settled that a proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested." Iselin v. U.S., 271 U.S. 136, 139, 46 S.Ct. 458, 459 (1926).  Accordingly, if the settlement discussion proceeded as Plaintiff indicates, rescission of the suspension would, by operation of law, have been eliminated as a term of the agreement of the parties once Plaintiff's counsel rejected Defendant's initial offer that contained that proposal.  Likewise, the Court notes that the draft written settlement agreement includes terms that were not disclosed on the record, including the "indemnify and hold harmless" provision, the denial of Defendant's liability, and the provision stating each party shall pay its own costs and attorney's fees (which conflicts with the section stating Defendant will pay Plaintiff's

attorney's fees).  As those terms were not disclosed on the record yet appear in the written agreement, the Court is unpersuaded by Defendant's argument that the written settlement agreement must be enforced according to its unambiguous terms.  That agreement has apparently not been signed, so that there is no unambiguous written agreement.

The only unambiguous terms of the settlement agreement, as disclosed, were: (1) the payment of money to Plaintiff and her counsel:  $600,000 to counsel and $200,000 to Plaintiff; (2) execution of a general release; (3) dismissal with prejudice of both this action and the whistleblower action; and (4) retention of jurisdiction by the Court for the sole purpose of ensuring that payment is made in a timely fashion.  Both the draft written agreement and Plaintiff's proposed addition to the agreement exceed the unambiguous terms disclosed on the record.

The Court thus declines to reopen this case to add any term to the Parties' agreement that was not disclosed in open court.  The Parties have settled their case.  The terms are as stated above, other than the specific terms of a release, which the law recognizes may later be reduced to writing.  See, e.g., United States v. MCCI Group Holdings, LLC, 2013 WL 3991964, *6 (S.D. Fla., Aug. 2, 2013) (a settlement agreement reached as to certain essential terms is not "rendered infirm merely because [the parties] had to subsequently draw up mutual releases containing agreeable language.") (citing Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859, 862 (Fla. 4th DCA 1986)).  The language of the release, apparently agreed to by the Parties is set forth herein and made a part of the record of this case, is as follows:

> In exchange for this Agreement, and the promises made by the defendant in this Agreement, the plaintiff for herself, her heirs, successors, and assigns, fully and forever releases, acquits and discharges the defendant from any and all claims, demands, and

causes of action, whether known or unknown, which Plaintiff may have had, may now have, or may hereafter discover arising out of any event alleged in the Complaint on file in this action and her Merit Systems Protection Board actions, including but not limited to, any alleged violation of Title VII of the Civil Rights Act of 1964, as amended; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act of 1967, and the Whistleblower Protection Act.

In connection with such waiver and relinquishment, Plaintiff acknowledges that she is aware that she may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which she now knows, with respect to the matters released herein. Nevertheless, it is the intention of Plaintiff through this release to settle and release ail such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, or its components, agents, employees and former employees, individually and/or in their official capacities, arising out of the circumstances set forth in the Plaintiffs complaint on file in this action.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Reopen Case (Dkt. 158) is **DENIED**. The case is **SETTLED**. The payment of proceeds shall be made within 90 days of the date of this Order or a motion for more time shall be filed within that deadline, explaining why payment must be delayed. Thereafter, the actions shall be dismissed with prejudice.

**DONE and ORDERED** in Tampa, Florida, this 14th day of July, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party